# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4947-16T4

Y.T.,

     Appellant,

v.

DIVISION OF MENTAL HEALTH
AND ADDICTION SERVICES,

     Respondent.

_____

Submitted October 9, 2018 – Decided  October 17, 2018

Before Judges Haas and Sumners.

On appeal from the New Jersey Division of Mental Health and Addiction Services, Department of Human Services.

Y.T., appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Arundhati Mohankumar, Deputy Attorney General, on the brief).

PER CURIAM

Y.T. appeals from Greystone Park Psychiatric Hospital's (GPPH's) final administrative decision to administer psychotropic medication to her without her consent. We affirm.

On February 23, 2017, Y.T. was involuntarily committed to GPPH after she had an altercation with a neighbor and cut the neighbor's face with glass, causing the neighbor to sustain a wound that required thirty stitches. Y.T.'s treating psychiatrist diagnosed her as suffering from Bipolar Disorder, and prescribed a treatment regimen that included the administration of psychotropic medications to address Y.T.'s assaultive behavior and anger issues.

However, Y.T. refused to take the medication voluntarily because she asserted that she did not have a mental illness. In accordance with written protocols developed by the State Department of Health, Division of Mental Health and Addiction Services (DMHAS), Y.T.'s psychiatrist prepared an Involuntary Medication Administration Report (IMAR), documenting Y.T.'s condition and the medications involved in the treatment plan. GPPH's Medical Director reviewed the IMAR, and scheduled a panel review hearing. The hearing panel was composed of three non-treating clinicians. Y.T. received notice of the hearing, and a Client Services Advocate was appointed to assist her.

At the hearing, Y.T.'s treating psychiatrist opined that involuntary medication was needed because Y.T. (1) was "paranoid, agitated[,] and delusional" when noncompliant with medication; (2) had "threatened her family members"; and (3) had recently become agitated and "advanced towards a nurse." Y.T. testified that she did not "have an anger issue or any reason to take medication." She called two of her family members to testify on her behalf. Both stated that Y.T. was unable to control herself, and became "angry and easily upset" without medication.

At the conclusion of the hearing, the panel determined that Y.T. required medication. After being provided with the required notice, Y.T. appealed the determination. The GPPH Clinical Director conducted a review and upheld the decision. This appeal followed.

On appeal, Y.T. asserts that GPPH erred by determining that she should be medicated without her consent because her mental illness caused her to be dangerous to others. We disagree.

Our scope of review of an administrative agency's final determination is limited. In re Herrmann, 192 N.J. 19, 27 (2007). "[A] strong presumption of reasonableness attaches" to the agency's decision. In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (quoting In re Vey, 272 N.J. Super. 199, 205 (App.

Div. 1993), aff'd, 135 N.J. 306 (1994)). The burden is upon the appellant to demonstrate grounds for reversal. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002). To that end, we will "not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008).

Applying this standard, we conclude that GPPH's decision to involuntarily medicate Y.T. was not arbitrary, capricious, or unreasonable. GPPH followed the DMHAS involuntary medication policy and procedures. Its decision was based on the judgment of independent clinicians following a hearing and after an administrative appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4947-16T4